[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
A history of this action is necessary for final determination, as follows:
1. This action for a dissolution of marriage commenced in February, 1991 with the filing of a complaint which alleged, inter alia, two minor children issue of the marriage.
2. On March 19, 1991, pendente lite orders entered in accordance with the stipulation of the parties. The plaintiff's financial affidavit alleges $590/wk gross and $401/wk net. No financial affidavit was presented by defendant. Orders entered, inter alia, for child support of $90/wk per child (TOTAL $180) payable by defendant to plaintiff (note: if the CCSG were followed, the amount of child support would indicate a net of $440 for defendant).
3. On that date, other pendente lite orders were entered, among them that the plaintiff maintain medical insurance for the defendant and minor children and that the plaintiff be responsible for all expenses of maintaining the marital residence, including mortgage and utilities.
4. A dissolution of marriage judgment entered on April 10, 1992 (Norko, J). The Court found that there were two minor children issue of the marriage. The financial affidavits of the parties indicate that defendant was receiving unemployment compensation of $288 gross and $229 net per week. The plaintiff's financial affidavit indicates a gross weekly income of $755 and a net of $461. Based on the reported income as stated, the CS Guidelines indicates an amount of $93.39 per week for two minor children, payable by defendant to plaintiff. CT Page 2030
5. On said date, the Court accepted the Separation Agreement of the parties and ordered, inter alia, as follows:
a. Defendant to plaintiff the sum of $92.00/week as and for child support for two minor children while defendant is unemployed.
b. Defendant to plaintiff $25.00/week on an arrearage of $600, said payment to commence when defendant became employed.
c. Plaintiff to maintain medical insurance for the benefit of the minor children and the parties to share equally unreimbursed medical expenses for the two minor children.
d. Plaintiff to assume all expenses of the marital residence and have exclusive right to same.
e. Plaintiff to deliver to defendant a promissory note in the amount of $18,500 plus 7% interest payable, inter alia, upon the sale of the house.
6. Plaintiff filed a Motion for Contempt dated January 29, 1993. On August 11, 1993 the Court ordered the defendant to pay $92/week child support, $10/week on the arrearage to the state in the amount of $6,390 and $10/week on the arrearage to the plaintiff in the amount of $3,540 (TOTAL weekly payment = $112). Plaintiff's financial affidavit was submitted, defendant's was not. Plaintiff's financial is flawed on its face but had no impact on the orders.
7. On March 2, 1993 the plaintiff filed a Motion for Modification requesting the addition of a third minor child, d.o.b. September 23, 1992, born more than five months after the dissolution judgment entered. This motion was never acted upon.
8. On January 13, 1994, plaintiff filed another Motion or Modification requesting, inter alia, that the third child be added to the support order. Other requests for relief were not acted upon.
9. Child Support Guidelines worksheets were presented to the Court. Plaintiff's financial affidavit was presented. Defendant failed to appear. Statements from petitioner regarding defendant's income were used to calculate defendant's income. The CCSG were calculated for two children and for three children. CT Page 2031
10. On October 19, 1994 the court (Barrall, J) ordered the defendant to pay $252/wk as and for child support for three minor children (Note: scrivener's error on clerks order sheet; see transcript). the defendant was also ordered to pay $20 on plaintiff's arrears of $7181 and $20/wk on state's arrears of $7403. (TOTAL: $292/wk). Defendant received notice of these orders on October 29, 1994 (see return receipt in file). No acknowledgment or judgment of paternity entered. The child support for two minor children, based on the wage information submitted to the Court, would have been $210/wk.
11. Plaintiff filed a Motion for Contempt on April 25, 1995. Said motion was heard on July 12, 1995. Both parties were present. The Court (Steele, FSM) found that the arrearage to the state was $7,403 as of 7/10/95 and to plaintiff $14,541 as of 7/10/95. The order remained at $292/wk in total. The case was continued to 9/6/95.
12. On September 6, 1995, defendant did not appear for the continuance. A capias was ordered for his arrest. Plaintiff represented to the Court that the arrearage owed to her was $16,557 but that the dissolution judgment required her to pay to defendant $15,000 from the proceeds of the marital residence. she also stated that she had received $720 in direct payments. Plaintiff stated that she was waiving her arrearage in light of the above. The Court (Steele, FSM) continued the orders of $252 current support plus $20 arrears to the state of $7,403 as of 8/31/95 (NOTE: $18,500 @ 7% from 4/10/92 — 9/6/95 = $22,913.95). The Court had no authority to modify the property distribution as ordered in the dissolution judgment and very obviously had no intention of doing so. No arrearage was found owing to the plaintiff.
13. On November 8, 1995 both parties were present for the continuance. The Court (Steele, FSM) found no arrearage to plaintiff, $7,378 arrears to the State and continued the orders of $252 plus $20 per week.
14. On January 3, 1996, plaintiff appeared, defendant did not. Based on the representation of the state and plaintiff, the Court (Ginsberg, FSM) found an arrearage to the State in the amount of $7,378 and to the plaintiff in the amount of $5,046. This writer cannot determine how plaintiff's arrearages were calculated. A capias was ordered for defendant's arrest. CT Page 2032
15. On March 27, 1996 defendant filed a Motion for Contempt claiming, inter alia, the $18,500 plus seven percent interest. Said motion was not properly filed and was not acted upon.
16. On said date, the Court (Ginsberg, FSM) found arrears to the State (7,378 as of 3/25/96) and to the plaintiff ($6,990 as of 3/25/96). The Court ordered reinstatement of the $20 per week order for plaintiff's arrears — total order $292/week. The Court ordered a lump sum payment of $1,400 before April 17, 1996.
17. On April 17, 1996, defendant failed to appear and he was not in compliance. A capias was ordered for defendant's arrest.
18. On May 3, 1996 both parties were present. The findings were: State's arrears $7,378; Plaintiff's arrears $8,502; defendant in contempt for failure to obey Court order. Defendant was incarcerated but was released that afternoon having posted a $2,500 bond. The Court (Hutchinson, FSM) continued the orders of $292/wk.
19. The matter was then continued three times so that the contempt could be heard together with defendant's Motion to Modify if properly filed.
20. On August 6, 1996 defendant filed a Motion for Modification alleging that the third child was not his and that the financial orders were not in compliance with the guidelines.
21. The matter was continued to 9/12/96 and both parties were present. The Court (Lifshitz, FSM) found the State's arrears at $7,378 and plaintiff's arrears at $10,110 as of 9/1/96.
22. Defendant filed several motions, including one for Genetic testing. Defendant's motion was granted. Defendant's Modification was continued.
23. On February 11, 1997 plaintiff filed a Motion to Open Judgment requesting, inter alia, one half of school tuition, educational expenses, medical bills, daycare, lost wages, insurance bills, deductibles and extracurricular activity expenses, all retroactive to April 10, 1992 the date of dissolution.
24. On March 13, 1997 a judgment of paternity entered for the CT Page 2033 third minor child.
25. The defendant' s modification motion was then continued four times. On May 29, 1997, after hearing, the Court (Reynolds, FSM) took the papers.
26. On July 15, 1997 the Court approved the modification of current support orders to $164/wk for three minor children retroactive to April 4, 1997. Plaintiff' s rearrange was not found, it being impossible with the evidence presented to calculate same. The matter was continued for determination of the arrears within certain guidelines. Current support was set in accordance with the guidelines. Defendant was ordered to pay $25/wk toward petitioners arrears and $8/wk toward the State's arrears.
27. The matter was then continued three times for determination of plaintiff's arrears.
28. On November 14, 1997 the parties appeared for the hearing on the arrears. Both parties testified and presented evidence.
FINDINGS:
1. The dissolution judgment was not modified regarding the distribution of property.
2. The entry of child support orders for a minor child for whom the duty to support has not been established is void. However, the paternity of the third minor child was established on March 13, 1997 and the plaintiff is allowed to go back three years for child support. This Court is following the rule applicable to petitions for support rather then modifications.
3. The Support Enforcement unit performed an audit of the plaintiff's arrears on September 3, 1997. Same indicates an arrange owed to the petitioner in the amount of $10,826 as of 9/2/97.
4. The plaintiff owes to the defendant $7,913.95 pursuant to the dissolution judgment (i.e. $22,913.95 — $15,000.00).
5. The net arrearage owed to the plaintiff is $2,912.05 as of 9/2/97. CT Page 2034
6. The defendant is ordered to pay $164 per week as and for support of three minor children plus $25 per week on plaintiff's arrears of $2,912.05 as of 9/2/97 plus $8 per week on the State's arrears of $7,278 as of 9/2/97.
REYNOLDS, S.T.R.